**Janet FARRELL, Plaintiff–Appellant,**

v.

**CHILD WELFARE ADMINISTRATION, Defendant–Appellee.**

No. 01–7406.

United States Court of Appeals, Second Circuit.

Nov. 20, 2001.

Janet Farrell, Flushing, NY, pro se.

Julian L. Kalkstein, Assistant Corporation Counsel, New York, NY, for defendant-appellee.

Present MINER, STRAUB, and PARKER, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is AFFIRMED.

According to plaintiff-appellant Janet Farrell's submissions to the District Court, in the fall of 1995 Farrell was hired by the Child Welfare Administration ("CWA") as a caseworker. In October 1995, CWA conducted a training program which Farrell did not complete because she had the flu and other personal problems. On October 13, 1995, CWA terminated her. Farrell was told that she was terminated due to a low examination score and failure to complete the required training program, even though an instructor had previously told her that it was CWA's policy to retrain anyone who did not complete training and that if she failed the test, it would not be held against her.

Farrell, *pro se*, filed a complaint alleging that CWA discriminated against her on the basis of her national origin (West Indian/Antiguan). After the District Court dismissed the complaint for failure to state a claim, Farrell filed an amended complaint alleging discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. §§ 1981, 1983, and 1985(3), and state law. Thereafter, CWA moved to dismiss the amended complaint pursuant to Rules 12(b)(6) and 12(c) for failure to state a claim and lack of subject matter jurisdiction.

The District Court granted CWA's motion and dismissed Farrell's amended complaint. With respect to her discriminatory discharge claims, the District Court held that Farrell had failed to establish a *prima facie* case of wrongful termination. As for her retaliation claim, the District Court held that Farrell had failed to exhaust her administrative remedies because she had alleged only discrimination in her charge to the Equal Employment Opportunity Commission ("EEOC"). Farrell filed a timely notice of appeal.

Reviewing the District Court's judgment *de novo*, we agree with the District Court that Farrell failed to allege a *prima facie* case of discrimination on the basis of her national origin. In order to state a *prima facie* case of discriminatory discharge, a plaintiff must allege that: (1) she is a member of a protected class; (2) she satisfactorily performed the duties of her position; (3) she was discharged; and (4) her discharge occurred under circumstances giving rise to an inference of discrimination. *See, e.g., McLee v. Chrysler Corp.,* 109 F.3d 130, 134 (2d Cir.1997). Farrell has not established a *prima facie* case because she has failed to connect her national origin to her termination in any way.

As for Farrell's retaliation claim, we find, contrary to the District Court, that Farrell did exhaust her administrative remedies. While a plaintiff typically may raise in a district court complaint only those claims that either were included in or are "reasonably related to" the allegations contained in her EEOC charge, this Court has held that a claim "alleging retaliation by an employer against an employee for filing" the underlying claim of discrimination is such a reasonably related claim. *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.,* 990 F.2d 1397, 1402 (2d Cir.1993). Nonetheless, we affirm the District Court's holding because Farrell has not stated a claim of retaliation as she has not alleged that the defendant has taken any specific

action against her as a result of her filing her EEOC charge and/or this lawsuit.

We have considered all of Farrell's claims raised, and we find them to be without merit. For the reasons set forth, we AFFIRM the judgment of the District Court.