**Harinder Jeet SINGH, Plaintiff–Appellant,**

v.

**U.S. SECURITY ASSOCIATES, INC., Defendant–Appellee.**

**Docket No. 05–1347–CV.**

United States Court of Appeals, Second Circuit.

Oct. 14, 2005.

Harinder Jeet Singh, Jackson Heights, NY, for Appellant, pro se.

Herbert E. Gerson, Ford & Harrison, LLP, Memphis, TN, for Appellee.

PRESENT: SOTOMAYOR, WESLEY, Circuit Judges, and BRIEANT,[1] District Judge.

## SUMMARY ORDER

Harinder Jeet Singh, *pro se*, appeals from a judgment granting summary judgment in favor of the defendant and denying Singh's motion to amend the complaint in Singh's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17 ("Title VII"). We assume the parties' familiarity with the underlying facts, relevant procedural history, and issues on appeal.

We agree with the magistrate judge that Singh failed to: (1) adduce evidence that the reasons proffered by U.S. Security Associates ("USSA") for its decisions to delay in promoting him were pretextual; (2) show that the perceived injustices he listed in support of his hostile work environment claim resulted from discriminatory animus or that other employees were treated better than he had been; (3) introduce any admissible evidence that he was entitled to a higher salary than other guards; and (4) point to any admissible record evidence demonstrating that any of USSA's actions were undertaken because of retaliatory animus. *See* Record on Appeal doc. 39 (Memorandum Decision) at 18–33).

On appeal, Singh alleges that numerous individuals involved in the suit committed fraud of various forms, but he fails to point to anything in the record in support of his theories. Moreover, the implied allegation that the court reporter was unqualified to transcribe his pretrial deposition is irrelevant, as the magistrate

1. The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

judge did not rely exclusively on the deposition in his memorandum decision. Further, this Court need not consider the issue, as it was not raised before the district court. *See Almalgamated Clothing and Textile Workers Union v. Wal–Mart Stores, Inc.,* 54 F.3d 69, 73 (2d Cir.1995) (noting that federal appellate courts generally do not consider issues not passed upon below unless necessary to avoid manifest injustice) (citing *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Schmidt v. Polish People's Republic,* 742 F.2d 67, 70 (2d Cir.1984)).

 Singh also argues that his motion to amend his complaint was improperly denied by the magistrate judge. Singh submits to this Court a March 2005 right to sue letter from the Equal Employment Opportunity Commission ("EEOC") closing its file on an unspecified claim, which Singh purports to indicate that he has exhausted the unlawful termination claim. *See* Appellant's Brief at Exh. 56. Even if the letter is proof that Singh has exhausted his administrative remedies with respect to that claim, the magistrate judge did not abuse his discretion in denying the motion to amend, as there is no indication in the record that Singh told the judge that he had filed a charge with the EEOC regarding his termination, and the docket sheet shows that Singh never moved for reconsideration of the denial after he was issued the right to sue letter. *See* Dist. Ct. Dkt. Sht. No. 03–cv–2059. Indeed, Singh does not claim on appeal that he informed the magistrate judge that he had received a right to sue letter at any time.

For these reasons, the district court's judgment is AFFIRMED.