Selina BENSON, Plaintiff,

v.

NORTH SHORE–LONG ISLAND JEWISH HEALTH SYSTEMS, The Zucker Hillside Hospital, Judy Judlowitz in her individual and official capacity, Anne Ferguson in her individual and official capacity, Ira Roper in his individual and official capacity, Defendants.

No. 06 CV 3257(ADS)(ETB).

United States District Court, E.D. New York.

April 4, 2007.

Law Offices of Frederick K. Brewington, Hempstead, NY, by Wendy C. Pelle–Beer, Esq., of Counsel, for Plaintiff.

Epstein Becker & Green, PC, New York, NY, by David O. Simon, Esq., James Douglas Williams, Jr., Esq., of Counsel, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On June 29, 2006, Selina Benson ("Benson" or the "Plaintiff") filed a complaint against North Shore–Long Island Jewish Health Systems ("North Shore"), Zucker

Hillside Hospital (collectively, the "Hospital"), Judy Judlowitz ("Judlowitz"), Anne Ferguson ("Ferguson") and Ira Roper ("Roper") (collectively, the "Defendants"). The complaint alleges that the Defendants harassed her and discriminated against her because of her race, gender, disability, sexual orientation and marital status, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq; the New York State Human Rights Law ("NYSHRL"); and 42 U.S.C. §§ 1981 and 1986. The Plaintiff also claims that the Defendants retaliated against her and breached an implied contract of employment. In addition, because the Plaintiff refers to Section 1985 in the body of her complaint, the Court assumes that the Plaintiff intends to allege a violation of Section 1985.

Presently before the Court is the Defendants' motion to dismiss various claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ.P.") 12(b)(1) and (6).

## I. *BACKGROUND*

### A. **Factual Background**

The following facts are derived from the complaint and the Plaintiff's administrative charge of discrimination and are taken as true for the purposes of this motion.

The Plaintiff is an African–American female who is involved in a same sex relationship and suffers from ocular albinism, a birth defect that causes acute vision impairment. The Plaintiff alleges that the Defendants discriminated against her, harassed her and created a hostile work environment, on the basis of her race, gender, disability, sexual orientation and marital status. She also claims that the Defendants retaliated against her for opposing discriminatory practices.

The Plaintiff, a former Hospital employee, was an administrative liaison with the Hospital's mental health department from 1992 through 1994, and a patient access services representative from 1994 until her termination in June 2006. She claims that she was qualified to perform her position and performed satisfactorily. The Plaintiff was supervised by Judlowitz for more than ten years. She claims that throughout that period, Judlowitz harassed her and discriminated against her, and that the other individual Defendants, Ferguson, a supervisor, and Roper, the director of human resources, ignored and condoned Judlowitz's discriminatory practices. The Plaintiff also asserts that the Defendants engaged in "a pervasive and systemic pattern of harassing behavior including negative comments and racial comments."

Specifically, Benson claims that between 2000 and 2004 Judlowitz forced her to sign a release of her medical information in order to take sick days; mandated that she work on various occasions without assistance; accused of her lying; docked her pay for an absence despite the fact that many employees were absent following a snowstorm; forced her to keep a daily log detailing every minute of her day; ordered Benson's children to end a visit with her; made racially derogatory comments to her; forced her to move around between three different desks rather than have a permanent work space; issued various warnings to her; and denied her requests to leave work early. The Plaintiff claims that white, heterosexual, non-disabled employees were treated more favorably and were not subjected to any of the conduct set forth above. The Plaintiff also alleges that Judlowitz refused various requested accommodations that could have helped the Plaintiff perform her job despite her visual impairment. She further alleges that white, heterosexual employees were permitted to pump breast milk in private offices when they returned from maternity leave, but that Judlowitz refused to provide the Plaintiff with a private space following her maternity leave.

The Plaintiff also contends that Ferguson and Roper took no action with regard to the Plaintiff's complaints and failed to reprimand Judlowitz. Finally, the Plaintiff alleges that in June 2006, she was terminated in retaliation for her complaints.

## B. Procedural History

On March 9, 2004, the Plaintiff filed a charge of discrimination against North Shore with the New York State Division of Human Rights ("NYSDHR") and cross-filed with the Equal Employment Opportunity Commission ("EEOC"). In her administrative charge, the Plaintiff alleged that North Shore discriminated against her on the basis of her race, sexual orientation, gender, disability and marital status and retaliated against her for complaining of discrimination. Specifically, the Plaintiff set forth almost identical allegations to those contained in her complaint. On February 28, 2006, the NYSDHR determined that there was no probable cause to believe that the Hospital discriminated or retaliated against Benson.

On June 29, 2006, the Plaintiff filed a complaint in this Court. On August 31, 2006, the Defendants filed a motion to partially dismiss the complaint. They argue that: (1) the NYSHRL claims are barred by the election of remedies provision set forth in the NYSHRL because the Plaintiff's complaint contains the same allegations as her NYSDHR charge; (2) the §§ 1981, 1985 and 1986 claims are precluded by the NYSDHR's no probable cause determination; (3) there is no individual liability under Title VII; (4) Title VII does not protect against sexual orientation discrimination; and (5) the Plaintiff was an at-will employee, and therefore, cannot assert a breach of contract claim. The Defendants further claim that several of the Plaintiff's specific claims are time barred because they occurred more than 300 days prior to the Plaintiff's filing of her discrim-

ination charge. Specifically, the Defendants claim that the following alleged incidents occurred between 2000 and 2003, more than 300 days prior to the filing of the Plaintiff's charge of discrimination: Judlowitz made a racial derogatory remark; Judlowitz denied the Plaintiff's request to leave early; Judlowitz denied Benson's request to pump breast milk in a private area; Judlowitz issued a written warning to Benson; Judlowitz yelled at Benson; and the Plaintiff was denied a request for an accommodation.

In opposition to the Defendants' motion, the Plaintiff argues that her NYSHRL claims are not barred by the election of remedies doctrine because the Plaintiff requested an administrative dismissal of her claims months after the NYSDHR issued its probable cause determination. The Plaintiff further argues that: (1) her §§ 1981, 1985 and 1986 claims are not barred because she did not have a full and fair opportunity to litigate her claims in the NYSDHR; (2) Title VII provides for individual liability of supervisory employees; (3) all of the Plaintiff's claims are timely under the continuing violations doctrine; and (4) Title VII protects against sexual orientation discrimination. The Plaintiff further claims that she has properly set forth claims for the breach of an implied employment contract, as well as breach of a collective bargaining agreement.

## II. DISCUSSION

### A. The Standards of Review for a Motion to Dismiss

#### 1. Rule 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider affidavits and other materials beyond the pleadings to resolve the jurisdic-

tional question. *See Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n. 6 (2d Cir. 2001); *Antares Aircraft, L.P. v. Fed. Rep. of Nigeria,* 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds,* 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130 (2d Cir. 1976). Under Rule 12(b)(1), the court must accept as true all material factual allegations in the complaint but will not draw inferences favorable to the party asserting jurisdiction. *See Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,* 968 F.2d 196, 198 (2d Cir.1992).

### 2. *Rule 12(b)(6 )*

In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir.1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995)). "When considering a motion to dismiss under Rule 12(b)(6), a court may rely only on the complaint itself, as well as any documents attached to or incorporated by reference into the complaint." *Womens Interart Ctr., Inc. v. N.Y. City Econ. Dev. Corp.,* No. 03 Civ.

2732, 2005 WL 1241919, at *26, 2005 U.S. Dist. LEXIS 10027, at *85 (S.D.N.Y. May 23, 2005).

### B. As To The Plaintiff's NYSHRL Claims

■ The Defendants argue that Benson's state law claims should be dismissed as barred by the election-of-remedies provision under § 297(9) of the New York Executive Law. Section 297(9) of the New York Executive Law provides in pertinent part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages ... and such other remedies as may be appropriate ... unless such person had filed a complaint hereunder or with any local commission on human rights.

N.Y. Exec. Law § 297(9). It is well-settled that if a litigant files a discrimination complaint with the NYSDHR, she may not bring a subsequent judicial action based on the same incident. *See York v. Ass'n of Bar of City of New York,* 286 F.3d 122, 127 (2d Cir.2002) (citing *Moodie v. Federal Reserve Bank,* 58 F.3d 879, 882 (2d Cir. 1995)). After the NYSDHR decides the claim, a litigant may only appeal that decision to the Supreme Court of the State of New York. *See* N.Y. Exec. Law § 298. A litigant may bring a subsequent judicial action only when the NYSDHR dismisses the claim for administrative convenience. *Moodie,* 58 F.3d at 882 (citing N.Y. Exec. Law § 297). Section 297(9) deprives the district court of subject matter jurisdiction. *Id.*

In the present case, the Plaintiff filed a charge with the NYSDHR, setting forth the same issues as she alleges in her complaint before this Court. In both her charge and her complaint, the Plaintiff complains of discrimination based on her

race, disability, gender, sexual orientation and marital status, as well as retaliation. Moreover, in both the charge and complaint, the Plaintiff sets forth the same alleged incidents of discrimination. "Where a 'sufficient identity of issue' exists between a complaint before the agency and a complaint before the Court, § 297(9) bars the action in court." *Smith–Henze v. Edwin Gould Servs. for Children & Families,* No. 06 Civ. 3049, 2006 WL 3771092, at *4, 2006 U.S. Dist. LEXIS 93076, at *11 (S.D.N.Y. Dec. 21, 2006).

■ The Plaintiff does not dispute that there is identity of issue between the NYSDHR proceeding and the present action. In addition, in February 2006, the NYSDHR issued a no probable cause determination finding no evidence that North Shore discriminated or retaliated against the Plaintiff. However, the Plaintiff argues that her claims are not barred because in April 2006, she requested an administrative dismissal of her charge. However, the NYSDHR issued a no probable cause determination months prior to the Plaintiff's request for dismissal. As previously stated, a litigant may only bring a judicial action if the NYSDHR dismisses her charge for administrative convenience. *Moodie,* 58 F.3d at 882 (citing N.Y. Exec. Law § 297). Clearly, the NYSDHR addressed the merits of the Plaintiff's claims and did not administratively dismiss her charge. As such, this Court lacks jurisdiction over the New York State law causes of action.

■ However, the parties fail to address the fact that Zucker Hillside Hospital, Judlowitz, Ferguson and Roper were not named as respondents in the Plaintiff's administrative charge. Even considering this fact, the Court still lacks jurisdiction. The Plaintiff's present claims are based on the same facts and incidents raised in the charge and even though the complaint names additional parties, because the inci-

dents are identical, this Court lacks jurisdiction over the Plaintiff's NYSHRL claims against all the Defendants. *Lyman v. City of New York,* No. 96 Civ. 2382, 1997 WL 473976, at *4, 1997 U.S. Dist. LEXIS 12340, at *14 (S.D.N.Y. Aug. 20, 1997) ("The facts that Mazer was not named in the [NYSDHR] complaint and that the complaint before this Court includes factual allegations not included in the [NYSDHR] complaint do not change this result, because the present claims are based on the same facts as the claims raised in the [NYSDHR] complaint").

■ However, the parties also fail to address the Plaintiff's retaliatory termination claim. In her complaint, the Plaintiff alleges that she was wrongfully terminated in June 2006, in retaliation for complaining of discrimination. In fact, the Plaintiff claims that she was terminated a few months after her administrative charge was dismissed. This claim could not have been included in her administrative charge and arises from different facts, as the Plaintiff alleges that her termination was in retaliation for the filing of that administrative charge. As such, this Court has jurisdiction over the Plaintiff's NYSHRL retaliatory discharge claim.

Accordingly, the Plaintiff's NYSHRL claims, except for allegations regarding her retaliatory discharge claim, are dismissed against all the Defendants.

## C. As To The Plaintiff's Section 1981, 1985 and 1986 Claims

The Defendants contend that the Plaintiff's §§ 1981, 1985 and 1986 claims should be dismissed because they are precluded by the NYSDHR's no probable cause finding. "With respect to employment discrimination claims under section[ ] 1981 . . . the Supreme Court has held that when a state agency acting in a judicial capacity

resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the State's courts." *Johnson v. County of Nassau,* 411 F.Supp.2d 171, 178 (E.D.N.Y.2006) (internal citations omitted). *See also De Cintio v. Westchester County Medical Ctr.,* 821 F.2d 111, 118 (2d Cir.1987) (administrative rulings have a preclusive effect on actions "brought under the first, thirteenth and fourteenth amendments and 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988 (commonly referred to as the Reconstruction Civil Rights Statutes) ... Moreover, nothing in the statutory language of the Reconstruction Civil Rights Statutes or 29 U.S.C. § 215(a)(3) calls for the kind of exception to collateral estoppel principles that [the Supreme Court] fashioned for Title VII actions"); *Mendez v. City of New York Human Res. Admin.,* No. 04 Civ. 0559, 2005 WL 2739276, at *3, 2005 U.S. Dist. LEXIS 24632, at *6–7 (S.D.N.Y. Oct. 28, 2005) ("the SDHR has held that there is no probable cause to believe that there was any discrimination in the alleged failure to promote and that there was no probable cause to believe that [the plaintiff] had been the subject of retaliation. Therefore, all claims contained in the charges filed with the SDHR, and which were decided by the SDHR, other than Title VII claims, are precluded and are dismissed").

■ The Plaintiff does not dispute that there is identity of issue between the NYSDHR proceeding and the present action. However, the Plaintiff argues that her claims are not precluded because she did not have a full and fair opportunity to litigate her claims in the NYSDHR. The Plaintiff claims that she should have been permitted to testify and examine witnesses because her claims focus on personal be-

havior that could only be investigated through live testimony.

Similarly, in *Johnson v. County of Nassau,* the Plaintiff asserted that the NYSDHR investigation did not afford him a full and fair opportunity to litigate his discrimination claims, as follows:

> Plaintiff and/or Plaintiff's counsel never got the opportunity to examine and cross examine the defendants and/or witnesses, Plaintiff never had the opportunity to present evidence before a competent tribunal, Plaintiff never had the opportunity to testify in his own behalf, Plaintiff was never afforded any of the procedural safeguards in the NYSDHR that would warrant an application of collateral estoppel, the determination of the NYSDHR was not rendered pursuant to and/or following procedures that parallel that of a state court, and the NYSDHR's determination was never appealed, reviewed or affirmed by a state court.

411 F.Supp.2d at 21 (internal citations omitted). However, nevertheless, the Court determined that "unreviewed state administrative proceedings may be given preclusive effect in federal court with regard to the Civil Rights statutes." *Id.* (citing *University of Tennessee v. Elliott,* 478 U.S. 788, 797, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986)). Further, the Court found that the NYSDHR had the authority to adjudicate employment discrimination disputes; the plaintiff was represented by competent and experienced counsel throughout the NYSDHR proceedings; and the plaintiff did not allege that any new evidence had become available. *Id.*

■ In the present case, the Plaintiff was represented by competent counsel throughout the proceedings before the NYSDHR. In addition, the Plaintiff does not allege the existence of any new evidence. Further, although the Plaintiff focuses on the fact that she did not have a

hearing before the NYSDHR or the opportunity to confront witnesses, "the absence of a hearing will not render a NYSDHR determination inadequate where the plaintiff was otherwise given a full opportunity to present his case and rebut evidence submitted by respondent." *Id.*

Through counsel, the Plaintiff submitted papers and documents to the NYSDHR. The Plaintiff was given a full opportunity to present her case, despite the lack of a hearing. The Plaintiff cites *Lloyd v. N.Y. Botanical Garden*, No. 03 Civ. 7557, 2004 WL 2093468, 2004 U.S. Dist. LEXIS 18749 (S.D.N.Y. Sept. 17, 2004), in support of her claim that without a hearing an administrative charge should not preclude federal civil rights claims. However, in the *Lloyd* case, the Plaintiff was not represented by counsel during the administrative proceedings and the human rights commission relied on evidence, the existence of which the plaintiff was unaware. In this case, with competent counsel representing the Plaintiff, she had the opportunity to fully present her case.

The Court finds that Plaintiff has not met her burden of establishing that she did not have a full and fair opportunity to litigate her discrimination and non-termination retaliation claims before the NYSDHR. Although Plaintiff was not afforded a hearing before the NYSDHR, and argues that she should have had the opportunity to elicit testimony from witnesses, she has not explained how a hearing would have actually altered the outcome of the proceeding. *Johnson*, 411 F.Supp.2d at 178. "Additionally, although the NYSDHR investigation may not have afforded Plaintiff the full panoply of procedures that are available to litigants in a civil action, the New York Court of Appeals has made clear that this fact alone is insufficient to make collateral estoppel inapplicable." *Id.* at 183 (citing *Jeffreys v.*

*Griffin*, 1 N.Y.3d 34, 42, 801 N.E.2d 404, 769 N.Y.S.2d 184 (2003)).

▪ As such, it is clear that the Plaintiff's claims that were previously presented to the NYSDHR, are precluded. However, the parties have not addressed the fact that the Defendant North Shore was the only named respondent in the Plaintiff's NYSDHR charge, while the instant action includes multiple Defendants. Therefore, the Court's holding with respect to preclusion will apply to the Defendant North Shore only. *Johnson*, 411 F.Supp.2d at 178 ("Neither party has addressed the fact that Plaintiff's NYSDHR complaint was asserted against defendant NUMC only, while the instant action, including Plaintiff's Section 1981 and 1983 claims, are asserted against multiple defendants. Accordingly, the Court's holding with respect to collateral estoppel and res judicata will apply to defendant NUMC only"). In addition, as previously discussed, the Plaintiff's administrative charge was filed prior to her alleged retaliatory termination. As such, this claim was never presented to the NYSDHR. Accordingly, this claim cannot be dismissed.

Accordingly, the Plaintiff's Section 1981, 1985 and 1986 claims against North Shore, other than her retaliatory termination claim, are dismissed. *Id.* at 180.

### D. As To The Plaintiff's Title VII Claims Against the Individual Defendants

▪ It is well settled in this Circuit that an individual defendant cannot be held personally liable under Title VII. *Schiano v. Quality Payroll Sys.*, 445 F.3d 597, 608, n. 8 (2d Cir.2006); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313–14 (2d Cir.1995), *abrogated on other grounds by Burlington Indus. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) ("individual defendants with supervisory

control over a plaintiff may not be held personally liable under Title VII."); *Sipfle v. Cortland Country Club, Inc.*, No. 5:04–CV–565, 2006 U.S. Dist. LEXIS 79781, at *8 (N.D.N.Y. Nov. 1, 2006) ("Title VII does not impose personal liability on individuals"); *Riddle v. Liz Claiborne, Inc.*, No. 00 Civ. 1374, 03 Civ. 8798, 2006 WL 3057289, at *1 n. 4, 2006 U.S. Dist. LEXIS 78496, at *2 n. 4 (S.D.N.Y. Oct. 27, 2006) ("there is no individual liability under Title VII"); *Garone v. UPS*, 436 F.Supp.2d 448, 473 (E.D.N.Y.2006) ("Title VII imposes no individual liability on supervisors or co-workers").

As such, the Plaintiff's Title VII claims against Judlowitz, Ferguson and Roper are dismissed.

## E. As To The Plaintiff's Claim of Sexual Orientation Discrimination

Discrimination on the basis of sexual orientation is not actionable under Title VII. *Simonton v. Runyon*, 232 F.3d 33, 36 (2d Cir.2000). *See also Dawson v. Bumble & Bumble*, 398 F.3d 211, 218 (2d Cir.2005) (The plaintiff "cannot satisfy the first element of a prima facie case under Title VII because the statute does not recognize homosexuals as a protected class"); *Hoatson v. N.Y. Archdiocese*, No. 05 Civ. 10467, 2007 WL 431098, at *8, 2007 U.S. Dist. LEXIS 9406, at *27 (S.D.N.Y. Feb. 8, 2007) ("Title VII does not apply to claims of discrimination based on sexual orientation"). Specifically, in *Simonton*, the Court stated:

> Because the term "sex" in Title VII refers only to membership in a class delineated by gender, and not to sexual affiliation, Title VII does not proscribe discrimination because of sexual orientation ... [the plaintiff] has alleged that he was discriminated against not because he was a man, but because of his

sexual orientation. Such a claim remains non-cognizable under Title VII. *Id.*

Accordingly, the Plaintiff's Title VII claims of sexual orientation discrimination are dismissed.

## F. The Continuing Violation Doctrine

A plaintiff may bring a claim under Title VII only for acts of discrimination that occurred within the 300–day period prior to a plaintiff's filing of an administrative charge of discrimination. *Patterson v. County of Oneida*, 375 F.3d 206, 220 (2d Cir.2004). In the present case, the Plaintiff filed her NYSDHR charge, which was cross-filed with the EEOC, on March 9, 2004. However, in her complaint, the Plaintiff makes various allegations regarding events that occurred from 2000 through 2003, more than 300 days prior to the filing of her charge. The Defendants argue that these claims are time-barred. The Plaintiff contends that the continuing violation doctrine applies and that all of the Plaintiff's claims are timely.

The continuing violation doctrine "extends the limitations period for all claims of discriminatory acts committed under an ongoing policy of discrimination even if those acts, standing alone, would have been barred by the statute of limitations." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d. Cir.1998) (internal citations and quotations omitted). "[Title VII] precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period, even if other acts of discrimination occurred within the statutory time period." *Patterson*, 375 F.3d at 220 (internal citations omitted).

It is well-settled that alleged adverse employment practices such as the failure to promote, failure to compensate

adequately, undesirable work transfers, and denial of preferred job assignments are considered discrete acts. *Coudert v. Janney Montgomery Scott, LLC*, No. 3:03 cv 324, 2005 WL 1563325, at *6, 2005 U.S. Dist. LEXIS 13323, at *17 (D. Conn. June 30, 2005). These types of adverse employment actions are easy to identify and "each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *AMTRAK v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). These discrete acts cannot be transformed into "a single unlawful practice for the purposes of timely filing." *Id.* at 111, 122 S.Ct. 2061. Thus, "mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.* at 113, 122 S.Ct. 2061; *see, e.g., Lloyd v. Bear Stearns & Co. Inc.*, No. 99 Civ. 3323, 2004 WL 2848536, 2004 U.S. Dist. LEXIS 24914 (S.D.N.Y. Dec. 9, 2004) (holding that the plaintiff was precluded from asserting her failure to promote claim as a continuing violation).

The allegations that the Defendants claim are time-barred are not discrete acts, such as the failure to promote or a work transfer. Instead, they are claims of harassment, such as yelling at the Plaintiff, making derogatory comments to the Plaintiff and issuing performance warnings. These are claims that the Defendants created a hostile work environment.

 In this regard, a claim for a hostile work environment will not be time barred if all acts constituting the claim are part of the same unlawful practice and at least one act falls within the filing period. In *Morgan*, 536 U.S. at 117, 122 S.Ct. 2061, the Court stated:

[t]he timely filing provision only requires that a Title VII plaintiff file a charge within a certain number of days after the unlawful practice happened. It

does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

Acts occurring outside the limitations period that are significantly far apart from each other are "fatal" to a continuing violation argument. *See Quinn*, 159 F.3d at 766 (holding that the plaintiff could not assert a continuing violation when there was a three year gap in time from one allegation to the next). According to the Second Circuit, "a hostile work environment claim is timely if an EEOC charge is filed within 300 days of any act that is part of the hostile work environment." *Elmenayer v. ABF Freight Sys.*, 318 F.3d 130, 134 (2d Cir.2003) (internal citations omitted).

 "The Court's rationale for regarding a hostile work environment claim as, in effect, a continuing violation was that such a claim is comprised of a series of separate acts that collectively constitute one unlawful employment practice." *Elmenayer*, 318 F.3d at 134 (internal citations omitted). A plaintiff may establish a continuing violation by identifying specific and related incidents of discrimination that an employer permits to continue unremedied for a period of time. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996). The incidents "must not be isolated and sporadic outbreaks of discrimination, but a dogged pattern." *Sunshine v. Long Island Univ.*, 862 F.Supp. 26, 29 (E.D.N.Y. 1994) (internal citations omitted).

 Here, the Plaintiff's allegations are numerous and include events spanning a period from 2000 through her termination in 2006. In her complaint, the

Plaintiff characterizes the Defendants' actions as "a systemic pattern of harassing behavior." Reading the complaint in the light most favorable to the Plaintiff, the Court finds that the Plaintiff has sufficiently alleged a pattern of discrimination that continued over a period of years with some incidents occurring within the appropriate filing period. As such, the Defendants' motion to dismiss specific claims as time-barred is denied.

Although the Court concludes that the Plaintiff's allegations establish a continuing violation so that her claims are timely, it also notes the distinction between the standard to be applied at the dismissal stage of an action, as opposed to the summary judgment stage, after discovery has been completed. *See Pustilnik v. Hynes*, No. 99–CV–4087, 2000 WL 914629, at \*5, 2000 U.S. Dist. LEXIS 8718, at \*16 (E.D.N.Y. June 27, 2000) (cautioning that the Second Circuit does not look favorably on the continuing violation doctrine and the result may be different at the summary judgment stage).

### G. As To The Plaintiff's Breach of Contract Claim

Under New York law, "absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party." *Sabetay v. Sterling Drug, Inc.*, 69 N.Y.2d 329, 514 N.Y.S.2d 209, 211, 506 N.E.2d 919 (1987). "The terms of an at-will employee's employment may be modified at any time." *Kempf v. Mitsui Plastics*, No. 96 Civ. 1106, 1996 WL 673812, at \*6, 1996 U.S. Dist. LEXIS 17240, at \*18 (S.D.N.Y. Nov. 20, 1996). The Plaintiff does not dispute that she was an at-will employee. Thus, she can not proceed on a breach of contract theory.

The Plaintiff's argument that the Defendants breached "implied promises that Plaintiff would be treated fairly and in good faith and not discriminated against due to race and color, gender, disability, marital status, among other things, during the course of her employment with the Defendants" presents no contract cause of action. Although it is unlawful for an employer to terminate an employee for discriminatory reasons, the proper remedy for a person aggrieved in this manner is not a cause of action for breach of contract. A remedy for such a violation must be pursued under legal theories other than ordinary contract principles, such as Title VII. *See Lazaro v. Good Samaritan Hosp.*, 54 F.Supp.2d 180, 184–85 (S.D.N.Y.1999).

In opposition to the Defendants' motion to dismiss, the Plaintiff argues that, in addition to her claim that the Defendants breached an implied contract, she also alleged that the Defendants breached her collective bargaining agreement. However, in the complaint, the Plaintiff makes no allegation of breach of a collective bargaining agreement and only sets forth a cause of action for breach of an implied contract. As such, the Court is unable to address this claim. In this regard, the Plaintiff may amend the complaint within thirty (30) days from the date of this Order to add a claim for breach of the collective bargaining agreement.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Defendants' motion to dismiss is *GRANTED IN PART* and **DENIED IN PART**; and it is further

**ORDERED**, that the Plaintiff's NYSHRL claims, except for her retaliatory discharge claim, are dismissed against all Defendants under the doctrine of election of remedies; and it is further

**ORDERED**, that the Plaintiff's Section 1981, 1985 and 1986 claims, except for her retaliatory discharge claim, are dismissed

**332**

against the Defendant North Shore; and it is further

**ORDERED,** that the Plaintiff's Title VII claims against the Defendants Judlowitz, Ferguson and Roper are dismissed; and it is further

**ORDERED,** that the Plaintiff's Title VII sexual orientation discrimination claims are dismissed against all Defendants; and it is further

**ORDERED,** that the Plaintiff's implied breach of contract claim is dismissed against all Defendants; and it is further

**ORDERED,** that the Plaintiff may amend the complaint within thirty (30) days from the date of this Order consistent with this Decision.

**SO ORDERED.**