Lewis STANLEY, Plaintiff,

v.

GUARDIAN SECURITY SERVICES, INC. et al., Defendants.

No. 10 Civ. 9632(VM).

United States District Court, S.D. New York.

July 14, 2011.

Lewis Stanley, Bronx, NY, for Plaintiff.

Ellen August, Goetz Fitzpatrick LLP, Samantha Abeysekera, Jackson Lewis LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Pro se plaintiff Lewis Stanley ("Stanley") brought this action against defendants Guardian Security Services, Inc. ("Guardian"), Robert Benedetto ("Benedetto"), Marion Treanor ("Treanor"), Richard Lifrieri ("Lifrieri") and Esteban Nelson ("Nelson") (collectively, "Defendants"). In his Amended Complaint, Stanley asserts claims for discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. and New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("Human Rights Law"). By letter dated May 11, 2011, Benedetto and Treanor requested a pre-motion conference to address their contemplated motion to dismiss. By letter dated May 16, 2011, Guardian, Lifrieri and Nelson joined in the request for a pre-motion conference. Stanley submitted a letter opposing the proposed motions to dismiss on May 25, 2011. The Court held a conference with the parties on July 1, 2011, to discuss Defendants' contemplated motions. The Court deems Defendants' May 11 and May 16, 2011 letters as constituting motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). For the reasons listed below, the Court grants in part and denies in part Defendants' motions to dismiss.

## I. BACKGROUND [1]

Stanley was employed by Guardian as a security guard assigned to a building managed by Princeton International Properties Corp. ("Princeton"). Lifrieri and Nelson are employed by Guardian, while Benedetto and Treanor are employed by Princeton. On October 13, 2009, Stanley filed a verified complaint ("State Complaint") with the New York State Division of Human Rights ("State Division"), asserting that Guardian had discriminated against him because of his race and that Princeton had aided and abetted the discrimination by Guardian. Specifically, Stanley alleged that (1) he was denied a pay increase; (2) he was denied a position on the day shift; and (3) he was subjected to an offensive piece of art work displayed in the lobby of the building to which he was assigned.

On January 19, 2010, Guardian terminated Stanley's employment. According to Guardian, Stanley never attempted to amend the State Complaint to include claims arising out of his termination. However, Stanley attached to the Amended Complaint a document he prepared on June 14, 2010, describing his alleged unlawful termination. The document references the case number assigned to him by the State Division and bears a stamp on the bottom right corner of the first page stating: "RECEIVED JUN [illegible] 2010 UPPER MANHATTAN REGIONAL OFFICE." (Docket No. 8 at 10.) The Court notes that the State Division has an office known as the Upper Manhattan Regional Office. *See Sowemimo v. Jewish Home & Hosp. for Aged,* No. 95 Civ. 2447, 1996 WL 374146, at *1 (S.D.N.Y. July 3, 1996); *see also* New York State Division of Human Rights, http://www.dhr.state.ny.us/regional_offices.html (last visited July 7, 2011). It therefore appears that Stanley submitted the June 14, 2010 document to

---

1. The facts below are taken from the Amended Complaint, documents attached to the Amended Complaint as exhibits and documents incorporated into the Amended Complaint by reference. The Court accepts these facts as true for the purposes of ruling on a motion to dismiss. *See Spool v. World Child Int'l Adoption Agency,* 520 F.3d 178, 180 (2d Cir.2008). Except where specifically referenced, no further citation to these sources will be made.

the State Division in an attempt to update his State Complaint.

Following an investigation, the State Division issued its decision on July 27, 2010 ("State Decision"), finding no probable cause to believe that Guardian had discriminated against Stanley. The State Decision did not make any findings about, or reference to, Stanley's termination. Stanley did not appeal the State Decision. On October 14, 2010, the Equal Employment Opportunity Commission ("EEOC") adopted the findings of the State Division and notified Stanley of his right to sue.

On December 21, 2010, Stanley filed a complaint in this Court against Guardian, Princeton and unidentified aiders and abettors, asserting discrimination and retaliation claims arising under Title VII. Upon review of the complaint, the Court *sua sponte* dismissed the claims against Princeton because Stanley did not allege that he was employed by Princeton. The Court also dismissed the claims against unidentified aiders and abettors because individuals are not proper defendants under Title VII. Stanley filed an Amended Complaint on March 24, 2011. The Amended Complaint added claims arising under the Human Rights Law and identified the alleged aiders and abettors as Benedetto, Treanor, Lifrieri and Nelson.

## II.  MOTION TO DISMISS STANDARD

As a starting point, the Court notes that Stanley is a pro se litigant. Accordingly, his submission must be held "to less stringent standards than formal pleadings drafted by lawyers." *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). The Court must construe Stanley's submissions "liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999) (citation omitted). A pro se litigant, however, is not exempt "from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F.Supp.2d 421, 426 (S.D.N.Y.2003) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

In assessing a motion to dismiss under Rule 12(b)(6), dismissal of a complaint is appropriate if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To state a facially-plausible claim, a plaintiff must plead the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.  DISCUSSION

### A.  TITLE VII

#### 1.  Guardian

"A district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993), *superseded by statute on other grounds*, Civil Rights Act of 1991, Pub. L. No. 102–166, 105 Stat. 1074; *Martin v. MTA Bridges & Tunnels*, 610 F.Supp.2d 238, 252–53 (S.D.N.Y.2009). A claim that is not presented in an EEOC charge is "reasonably related" to that charge if the claim (1) would fall within the scope of the investigation that can reasonably be expected to grow out of the EEOC charge; (2) alleges

retaliation for filing the EEOC charge; or (3) alleges further incidents of discrimination carried out in precisely the same manner as the allegations in the EEOC charge. *See Butts,* 990 F.2d at 1402–03.

### a. *Discrimination Claims*

■ Guardian does not dispute that Stanley presented various claims of race discrimination in his State Complaint, which became his EEOC charge. Consequently, this Court has jurisdiction over Stanley's Title VII claims that he was denied a pay increase, denied a position on the day shift, and subjected to offensive art because of his race.

■ However, Guardian argues that the Court does not have jurisdiction over Stanley's claim of discriminatory termination because it was never presented to the State Division. Stanley filed his State Complaint on October 13, 2009, three months prior to his termination. Stanley did not file a subsequent complaint related to his termination nor amend his original complaint to include a claim of discriminatory termination. Although Stanley apparently submitted a document regarding his discharge to the State Division in June of 2010, as indicated by the stamp referencing the Upper Manhattan Regional Office, that document cannot be considered an amendment to his original charge, *see* 29 C.F.R. § 1601.12(b), because it "encompass[ed] new unlawful employment practices or bases for discrimination." *See Holtz v. Rockefeller & Co.,* 258 F.3d 62, 83 (2d Cir.2001); *Manko v. Deutsche Bank,* No. 02 Civ. 10180, 2004 WL 574659, at *5–6 (S.D.N.Y. Mar. 22, 2004). The Court therefore concludes that Stanley did not file a complaint of discriminatory termination with the State Division. Moreover, Stanley's claim of discriminatory termination is not "reasonably related" to the State Complaint, which could excuse Stan-

ley from first presenting that claim to the State Division. *See Butts,* 990 F.2d at 1402–03; *see, e.g., Singh v. U.S. Security Assocs.,* No. 03 Civ.2059, 2005 WL 236511, at *15–17 (S.D.N.Y. Feb. 1, 2005), *aff'd,* 152 Fed.Appx. 36, 38 (2d Cir.2005). Consequently, the Court lacks jurisdiction over Stanley's claim of discriminatory termination.

### b. *Retaliation Claims*

■ Guardian did not address Stanley's retaliation claims in its May 16, 2011 letter. Although Stanley did not present any retaliation claims to the State Division, claims of retaliation for filing a complaint with the EEOC or the equivalent state agency are "reasonably related" to the underlying complaint. *See Butts,* 990 F.2d at 1402. Stanley's Title VII claims of retaliation for filing his State Division complaint are therefore properly before this Court. *See, e.g., Farrell v. Child Welfare Admin.,* 22 Fed.Appx. 65, 66 (2d Cir.2001); *Martin,* 610 F.Supp.2d at 253. To the extent that Stanley alleges that his termination was retaliatory, as opposed to discriminatory, that claim is properly presented as well. *See, e.g., Benson v. N. Shore–Long Island Jewish Health Systems,* 482 F.Supp.2d 320, 326 (E.D.N.Y.2007).

### 2. *Individual Defendants*

■ "[I]ndividuals are not subject to liability under Title VII." *Wrighten v. Glowski,* 232 F.3d 119, 120 (2d Cir.2000) (per curiam). The Court therefore dismisses Stanley's Title VII claims against Benedetto, Treanor, Lifrieri and Nelson.

## B. *HUMAN RIGHTS LAW*

### 1. *Guardian*

■ New York's Human Rights Law contains an election-of-remedies provision that requires a plaintiff to choose between

an administrative remedy and a judicial one. *See* N.Y. Exec. Law § 297(9). Consequently, "if a litigant files a discrimination complaint with the [State Division], [ ]he may not bring a subsequent judicial action based on the same incident." *Benson*, 482 F.Supp.2d at 325 (*citing York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir.2002)). Instead, the dissatisfied litigant must appeal the decision of the State Division to the state Supreme Court. *See* N.Y. Exec. Law § 298; *see also York*, 286 F.3d at 127 & n. 2 (noting limited exceptions to election-of-remedies provision not applicable here).

### a. *Discrimination Claims*

■■■ Guardian argues that the election-of-remedies provision bars Stanley's discrimination claims other than his claim of discriminatory termination. Stanley filed a discrimination complaint against Guardian with the State Division, received a decision on the merits and failed to appeal that decision to the state Supreme Court. To the extent that the Amended Complaint sets forth the same claims of discrimination that Stanley previously grieved with the State Division, those claims may not be re-litigated here. *See, e.g., Benson*, 482 F.Supp.2d at 326. The Court therefore dismisses Stanley's Human Rights Law claims that he was denied a pay increase, denied a position on the day shift, and subjected to offensive art because of his race. As noted above, however, Stanley did not present his claim of discriminatory termination to the State Division. Consequently, that claim is not barred by § 297(9) of the Human Rights Law, and the Court has jurisdiction over it.

### b. *Retaliation Claims*

■■■ Again, Guardian failed to address Stanley's retaliation claims in its May 16, 2011 letter. Stanley was not terminated until three months after he filed his complaint with the State Division. Because Stanley never properly amended his State Complaint after he submitted it, his claims of retaliation for filing the State Complaint were not contemplated by the State Decision. As a result, Stanley did not elect to pursue an administrative remedy as to his retaliation claims, and consequently those claims are properly before this Court. *See* N.Y. Exec. Law § 297(9).

### 2. *Individual Defendants*

■■■ Although not subject to liability under Title VII, individuals who aid and abet unlawful discrimination may be liable under the Human Rights Law. *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995); *Steadman v. Sinclair*, 223 A.D.2d 392, 636 N.Y.S.2d 325, 326 (1st Dep't 1996).[2]

### a. *Guardian Individual Defendants*

■■■ Stanley's claims against Lifrieri and Nelson are based on the same facts and incidents raised against Guardian in his State Complaint. Consequently, to the extent those claims against Guardian are barred by the election-of-remedies provision, they also are barred against Lifrieri and Nelson. *See, e.g., Benson*, 482 F.Supp.2d at 326.

### b. *Princeton Individual Defendants*

■■■ Benedetto and Treanor contend that the Human Rights Law claims against

---

**2.** In *Trovato v. Air Express Int'l*, the state Appellate Division, Second Department declined to follow *Tomka* and held that "[t]o find a co-employee liable as an aider and abettor would ignore the statutory and legal authority limiting the parties who may be sued for employment discrimination." 238 A.D.2d 333, 655 N.Y.S.2d 656, 657 (2d Dep't 1997). This Court, however, is bound by the decision of the Second Circuit in *Tomka*.

them must be dismissed because they are not employed by Guardian and, therefore, cannot be liable for aiding and abetting Guardian. The Court disagrees.

Under the Human Rights Law, "[i]t shall be an unlawful discriminatory practice for *any person* to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the Human Rights Law], or to attempt to do so." N.Y. Exec. Law § 296(6) (emphasis added). By its terms, § 296(6) of the Human Rights Law creates a " 'broad[ ] source of personal liability' " that is not limited to employers or employees. *See Fair Hous. Justice Ctr., Inc. v. Broadway Crescent Realty, LLC,* No. 10 Civ. 34, 2011 WL 856095, at *8 (S.D.N.Y. Mar. 9, 2011) (alteration in original) (*quoting Perks v. Town of Huntington,* 251 F.Supp.2d 1143, 1160 (E.D.N.Y. 2003)); *Dantuono v. Davis Vision, Inc.,* No. 07 Civ. 2234, 2009 WL 5196151, at *13 (E.D.N.Y. Dec. 29, 2009) ("[U]nlike other sections of the [Human Rights Law], § 296(6) does not textually limit itself to employers—it states 'any person' can be liable for violations.").

*Fair Housing Justice Center* is instructive. There, the plaintiffs brought an action for housing discrimination under federal, state and local law against two corporate defendants, the owner and management company of an apartment building, and two individual defendants, the building's superintendent and his wife, Pranvera Celaj ("Celaj"). *Id.* at *1. Celaj argued that she could not be liable under the Human Rights Law because she was not an agent or employee of the owner or management company. *Id.* at *8. The court declined to read § 296(6) of the Human Rights Law so narrowly, finding that Celaj could be liable for aiding and abetting the discriminatory practices of the corporate defendants even though she was not employed by them.

*Id.* Likewise here, the Court is persuaded that Benedetto and Treanor can be liable for aiding and abetting the unlawful discriminatory practices of Guardian.

Benedetto and Treanor cite *Nicholson v. Staffing Authority* for the purportedly contrary proposition that "[a] predicate requirement of aider-and-abettor liability is a finding of primary liability as to the employer." No. 10 Civ. 2332, 2011 WL 344101, at *2 (S.D.N.Y. Feb. 1, 2011). Unlike the case at hand, *Nicholson* involved an individual defendant who was employed by the corporate defendant, *see id.,* and therefore did not address the issue before this Court. *Nicholson* stands only for the proposition that, before an individual can be liable for aiding and abetting, there must be a predicate act of unlawful discrimination. *See* N.Y. Exec. Law § 296(6). Here, Stanley alleges that the predicate acts were committed by Guardian. The Court finds nothing inconsistent between *Nicholson,* on the one hand, and *Fair Housing Justice Center,* on the other. Although the Court is aware that at least one court in this District has reached a contrary result, *see Sowemimo v. D.A.O.R. Security, Inc.,* 43 F.Supp.2d 477, 490–91 (S.D.N.Y.1999), *Sowemimo* does not alter the Court's conclusion. *Sowemimo* did not address the text of the Human Rights Law nor present any analysis in support of its conclusion. Given the conflicting precedent, the Court follows the plain language of the statute, as well as the persuasive reasoning of *Fair Housing Justice Center,* and declines to follow *Sowemimo.*

Having concluded that Benedetto and Treanor can be liable for aiding and abetting acts committed by Guardian, the Court turns to the question of which of Stanley's claims against those individual defendants are properly presented under the election-of-remedies provision. Stanley's complaint to the State Division al-

leged that he was denied a pay increase, denied a position on the day shift and subjected to offensive art. Although that complaint named Princeton, not Benedetto and Treanor, as a respondent, the Court finds that § 297(9) of the Human Rights Law bars the claims described above against Benedetto and Treanor because they "are based on the same facts and incidents raised in the [State Division] charge." *See Benson*, 482 F.Supp.2d at 326 (dismissing claims against individual defendants who were not named as respondents in plaintiff's administrative charge under election-of-remedies provision). Conversely, Stanley's claims of discriminatory termination and retaliation were not presented to the State Division and may proceed here against Benedetto and Treanor.

## C. *CONCLUSION*

In sum, the Court dismisses the following claims: (1) Title VII claim of discriminatory termination against Guardian; (2) all Title VII claims against Benedetto, Treanor, Lifrieri and Nelson; and (3) Human Rights Law claims of discrimination arising out of Stanley's allegations that he was denied a pay increase, denied a position on the day shift, and subjected to offensive art work against Guardian, Benedetto, Treanor, Lifrieri and Nelson. The case will proceed as to: (1) Title VII claims of discrimination arising out of Stanley's allegations that he was denied a pay increase, denied a position on the day shift, and subjected to offensive art work against Guardian; (2) Title VII claims of retaliation, including retaliatory termination, against Guardian; (3) Human Rights Law claim of discriminatory termination against Guardian; (4) Human Rights Law claim of aiding and abetting discriminatory termination against Benedetto, Treanor, Lifrieri and Nelson; (5) Human Rights Law claim of retaliation, including retaliatory termination, against Guardian; and (6) Human Rights Law claim of aiding and abetting unlawful retaliation against Benedetto, Treanor, Lifrieri and Nelson.

## IV. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion to dismiss that the Court has deemed contained in the letter of May 11, 2011 (Docket No. 18) submitted by defendants Robert Benedetto and Marion Treanor is GRANTED in part and DENIED in part; and it is further

**ORDERED** that the motion to dismiss that the Court has deemed contained in the letter of May 16, 2011 (Docket No. 21) submitted by defendants Guardian Security Services, Inc., Richard Lifrieri and Esteban Nelson is GRANTED in part and DENIED in part; and it is finally

**ORDERED** that defendants Guardian Security Services, Inc., Robert Benedetto, Marion Treanor, Richard Lifrieri and Esteban Nelson serve an answer or otherwise respond to the Amended Complaint of plaintiff Lewis Stanley within 21 days after the date of this Decision and Order.

**SO ORDERED.**