In re NERI BROS. CONSTRUCTION CORP. Debtor.

John J. O'Neil, Trustee of Neri Bros. Construction Corp., Debtor Plaintiff,

v.

New England Road, Inc., Alan Neri, Sr., Alan Neri, Jr., John Neri, and Helen Neri, Defendants.

Bankruptcy No. 95–20169.
Adversary No. 97–2012.

United States Bankruptcy Court, D. Connecticut.

March 11, 2005.

Irve J. Goldman, Esq., Pullman & Comley, LLC, Bridgeport, CT, for Plaintiff.

Ira B. Charmoy, Esq., The Law Offices of Ira B. Charmoy, LLC, Fairfield, CT, for Defendants.

*RULING ON DEFENDANTS' MOTION TO DISMISS COUNTS III, IV, V, VI AND VII OF SECOND AMENDED COMPLAINT*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Neri Brothers, Inc. ("the debtor"), a closely-held family corporation, on January 17, 1995, filed a petition pursuant to Chapter 11 of the Bankruptcy Code. The present adversary proceeding seeking money damages from the defendants was commenced on January 16, 1997 by the Chapter 11 trustee. The debtor's bankruptcy case, on October 14, 1997, was converted to one under Chapter 7 and John J. O'Neil, Esq. was appointed Chapter 7 trustee, succeeding the former Chapter 11 trustee as plaintiff in this adversary proceeding. *See* Fed. R. Bankr.P.2012(b)(1).

### II.

The Second Amended Complaint ("the complaint"), filed on October 2, 1997, contains eight counts, five of which the defendants have moved to dismiss ("the motion") pursuant to Fed.R.Civ.P. 12(b)(1) ("lack of jurisdiction over the subject matter") and 12(b)(6) ("failure to state a claim upon which relief can be granted"), made applicable in bankruptcy proceedings by Fed. R. Bankr.P. 7012. The only ground for dismissal alleged in the motion is that the trustee lacks standing to pursue such counts because the debtor lacks such standing. The counts of the complaint for which the defendants seek dismissal are:

— Count III, alleging unjust enrichment of defendant New England Road, Inc. ("NE Road") at the expense of the debtor;

— Count IV, alleging improper diversion of debtor's corporate opportunities by defendants NE Road, Alan Neri, Sr. ("Alan, Sr."), Alan Neri, Jr. ("Alan, Jr."), John Neri ("John"), and Helen Neri ("Helen");

— Count V, alleging breach of fiduciary duties by defendants Alan, Sr., Alan, Jr. and John as officers, directors and shareholders of the debtor;

— Count VI, alleging that "NE Road should be determined to be the alter ego of the Debtor" (Complaint ¶ 46); and

— Count VII, alleging participation in breach of fiduciary duties stated in Count V by Alan, Jr., John and Helen, officers and directors of NE Road.

### III.

In considering a motion to dismiss, the court "must construe any well-pleaded factual allegations in the complaint in favor of the plaintiff." *Sykes v. James,* 13 F.3d 515, 518 (2d Cir.1993). "In assessing the sufficiency of the complaint, we must accept the allegations contained therein as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Gryl v. Shire Pharmaceuticals Group PLC,* 298 F.3d 136 (2d Cir.2002). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *York v. Ass'n of the Bar,* 286 F.3d 122 (2d Cir.2002) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Accordingly, the following factual background, based on the allegations of the complaint, is accepted as true for the purposes of the motion. Incorporated in 1967,

the debtor was owned by three brothers, Alan, Sr., John and Carl Neri ("Carl")[1], and "was engaged in the business of constructing roads, bridges and other heavy-duty construction projects." (Complaint ¶ 13.) "Incident to its business, the Debtor owned a number of pieces of machinery and equipment." (*id.* ¶ 15.) "During most of the Debtor's corporate existence," Alan, Sr. was its "president, controlling shareholder and a director." (*id.* ¶ 14.) All officers and directors were members of the Neri family.

In 1991 or 1992, Alan, Sr. and John formed a new corporation, NE Road, to engage in the same business as the debtor. NE Road was owned by members of Alan, Sr.'s and/or John's families, including Alan, Sr.'s wife, Helen, and their son, Alan, Jr., named as defendants in the present proceeding. "At all times relevant hereto, the Defendants [Alan, Sr., Alan, Jr. and John] were shareholders, officers and/or directors of, or exercised a substantial degree of control over, both the Debtor and NE Road." (*id.* ¶ 19.)

At various times during 1992 through 1994, Alan, Sr. and/or other Neri family defendants (1) caused the debtor to rent machinery and equipment to NE Road "for substantially less than reasonable rental value" (*id.* ¶ 17); (2) caused the debtor to permit NE Road to use certain of the debtor's equipment "at no charge" (*id.* ¶ 18); and (3) caused NE Road to perform numerous construction projects in the debtor's line of business which the debtor, if not for the actions of the defendants, would have had the reasonable expectancy and ability to undertake.

## IV.

■■■ As noted, the sole issue presented by the motion is whether, for each of the counts at issue herein, the trustee has standing to assert the described claims. Standing is a constitutional requirement, arising from the "cases and controversies" clause of Article III, without which the court lacks the necessary jurisdiction to hear and determine the matters presented. The parties acknowledge that:

> Under the Bankruptcy Code, the trustee stands in the shoes of the bankrupt corporation and has standing to bring any suit that the bankrupt corporation could have instituted had it not petitioned for bankruptcy.... It is well settled that a bankruptcy trustee has no standing generally to sue third parties on behalf of the estate's creditors, but may only assert claims held by the bankrupt corporation itself.[2] ... To resolve whether the trustee has asserted claims that belong solely to [the debtor], we must determine what claims [the debtor] possessed against [the defendants] *before* [the debtor] went bankrupt.... Normally this would include not only a determination that the right would run to the corporation rather than to its creditors, but also a determination that the [corporation] would have been able to withstand a motion to dismiss for failure to state a claim.

1. While the complaint does not refer specifically to Carl, both parties acknowledge in their memoranda that Carl was also a shareholder and director of the debtor. The court *accepts such acknowledgment in this motion* to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) in accordance with "the long-standing rule that evidentiary matter presented by affidavit or otherwise is proper where jurisdiction is challenged." *The Exchange Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1131 (2d Cir.1976).

2. The Bankruptcy Code includes exceptions, e.g., § 544, 547,548, where the trustee may bring claims founded on certain rights of the debtor's creditors.

*Shearson Lehman Hutton, Inc. v. Wagoner,* 944 F.2d 114, 118–19 (2d Cir.1991).

■ The defendants' argue that "The plaintiff trustee's claims in the Third, Fourth, Fifth, Sixth and Seventh counts all consist of claims against third parties for defrauding the Debtor in some manner with the cooperation of its management, and as such, are claims accruing to creditors not the Debtor," (Def.'s Mem. at 3.) *See Wagoner,* 944 F.2d at 120 ("A claim against a third party for defrauding a corporation with the cooperation of management accrues to creditors, not to the guilty corporation."). In *Wagoner,* the trustee brought an action against the debtor corporation's broker for aiding and abetting the debtor's sole shareholder and decisionmaker in defrauding the debtor. The court imputed the wrongdoing of the sole shareholder to the debtor corporation, and concluded that "the guilty corporation" lacked standing to sue those who aided and abetted it in its wrongdoing.

In a series of subsequent decisions, the Second Circuit consistently applied and elaborated on the *Wagoner* principles, including the issue of when the wrongdoing of management is imputed to a corporation, depriving it of standing to bring a claim against those who aided and abetted the malfeasor. In each decision in which the Second Circuit applied *Wagoner* and its progeny to determine that the trustee lacked standing to bring an action against a third party, the debtor corporation involved was *wholly owned* and controlled by the principal wrongdoers. *See Wagoner,* 944 F.2d 114 (sole shareholder), *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085 (2d Cir.1995) (two shareholders, both wrongdoers), *The Mediators, Inc. v. Manney* (*In re The Mediators, Inc.*), 105 F.3d 822 (2d

Cir.1997) (sole shareholder), *Breeden v. Kirkpatrick & Lockhart LLP* (*In re Bennett Funding Group, Inc.*), 336 F.3d 94 (2d Cir.2003) (two shareholders, both wrongdoers; innocent directors were not shareholders and were controlled by the shareholders).

■ In the present proceeding, only two of the debtor's three directors-shareholders are alleged to have partaken in the described wrongdoing. Through self-dealing, these two directors-shareholders are alleged to have injured the debtor by usurping the debtor's corporate opportunities and using its equipment without adequate consideration. Such actions call into play the "adverse interest exception," rebutting the presumption that the debtor itself was a wrongdoer. *Sharp Int'l Corp. v. KPMG LLP* (*In re Sharp Int'l Corp.*), 319 B.R. 782, 787 (Bankr.E.D.N.Y.2005) ("The Wagoner rule will not be invoked where the adverse interest exception applies. This means that the wrongful acts of the agent will not be imputed to the corporation if the agent, although purportedly acting for the corporation, is really committing a fraud for his own benefit.") (citations and quotation marks omitted). Carl, as a shareholder, had standing to commence a derivative action against the defendants. Accordingly, the court concludes that, pursuant to the adverse interest exception, the Wagoner rule does not deprive the trustee of standing to bring the actions asserted.[3]

## V.

## *CONCLUSION*

In accordance with the forgoing discussion, the court concludes that the trustee has standing to assert the claims in Counts

---

**3.** Additional arguments made by the defendants based upon disputed facts alleged in

their reply brief have not been considered.

III, IV, V, VI and VII of the complaint, and that the defendants' motion to dismiss such counts be, and hereby is, denied, and the Clerk's Office is requested to schedule the final pre-trial conference. It is

SO ORDERED.