Henriquez v. Starwood Hotel Resorts Worldwide Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of January, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             GERARD E. LYNCH,
             RAYMOND J. LOHIER, JR.
                         *Circuit Judges*.

_____

REGINA HENRIQUEZ,

                 *Plaintiff-Appellant*,

          -v-                                                11-5078-cv

STARWOOD HOTEL RESORTS WORLDWIDE INC.,

                 *Defendant-Appellee*.

_____

Appearing for Appellant:     Ethan A. Brecher, Law Office of Ethan A. Brecher, LLC, New
                             York, N.Y.

Appearing for Appellee:      Robert S. Whitman, Seyfarth Shaw LLP (Alex S. Drummond, *on
                             the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Owen, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** in part and **REMANDED** for further proceedings consistent with this order.

Regina Henriquez appeals from the September 30, 2011, judgment of the United States District Court for the Southern District of New York (Owen, *J.*) dismissing her amended complaint against Starwood Hotel Resorts Worldwide Inc. ("Starwood") alleging, among other claims, discrimination and retaliation in violation of Title VII. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Henriquez proceeded pro se below. Her amended complaint alleged claims pursuant to Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the New York State Human Rights Law, N.Y. Exec. Law §§ 290-97, and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to131. Starwood moved to dismiss the amended complaint in January 2009. The matter was referred to a magistrate judge , and in August 2009 the magistrate judge issued a report and recommendation ("R&R") in which she recommended that the majority of the claims brought by Henriquez be dismissed as barred by res judicata. However, the magistrate judge found that

> liberally construing Plaintiff's pro se pleadings, as the Court must, the instant action also includes a new claim, namely, that by providing negative references to prospective employers in New York, Defendant both discriminated against Plaintiff based on her race, color and national origin and retaliated against her for bringing a discrimination lawsuit.

Henriquez raised this claim in her previously filed complaint to the N.Y. State Division of Human Rights ("SDHR"). SDHR dismissed the complaint for lack of probable cause. As SDHR's decision was not reviewed by a state court, the magistrate judge concluded that it was not entitled to preclusive effect in a Title VII action brought in federal court.

Both parties filed objections to the R&R. In an order filed September 29, 2011, the district court found that the majority of Henriquez's claims barred pursuant to the doctrine of res judicata. It also found that the court lacked subject matter jurisdiction over Henriquez's claims brought pursuant to New York law under the election of remedies doctrine. However, the order is silent as to the Title VII claims identified by the magistrate judge. The district court entered a judgment dismissing Henriquez's amended complaint, and this appeal followed.

On appeal, Henriquez contests only the district court's dismissal of her Title VII claim that Starwood acted in a discriminatory and retaliatory manner by providing her with negative job references. While New York law generally bars lawsuits under New York State and City anti-discrimination law when a party has elected to adjudicate her claims through administrative action, N.Y. Exec. Law §§ 297(9), 289, N.Y.C. Admin. Code § 8-502(a), *see also York v. Assoc. of Bar of City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002), no similar rule applies to federal claims under Title VII. As the Supreme Court held in *University of Tennessee v. Elliott*, "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims." 478 U.S. 788, 796 (1986). The SDHR's dismissal of Henriquez's Title VII retaliation claim based on alleged negative job references has not been reviewed by any court. Thus, to the extent that the district court dismissed that claim pursuant to the election of remedies doctrine, it erred. Starwood does not contend otherwise.

Starwood urges us, in the first instance, to find that Henriquez's claim fails to set forth an adequate factual basis for her claims, requiring dismissal pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). We decline Starwood's invitation. Our Court prefers district courts address arguments in the first instance, *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir. 2000), and we remand here for the limited purpose of allowing the district court to determine whether Henriquez's amended complaint adequately pleads a claim for negative references in violation of Title VII. On remand, the district court is free to permit Henriquez an opportunity to replead.

Accordingly, the judgment of the district court hereby is VACATED in part, and this matter is REMANDED back to the district court for further proceedings consistent with this order. On remand, the district court may consider whether the court would benefit from the appointment counsel for plaintiff.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk