13-2646-cv
*Holt v. Crossmark*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand fourteen.

PRESENT:   PIERRE N. LEVAL,
                    DENNY CHIN,
                    SUSAN L. CARNEY,
                                        *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BILLIE L. HOLT,
                              *Plaintiff-Appellant*,

                    v.                                                                 13-2646-cv

SAMS CLUB, CROSSMARK,
                              *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:          Billie L. Holt, *pro se*, Rochester, NY.

FOR DEFENDANT-APPELLEE
SAM'S EAST, INC.:

Ginger Donna Schröder (Nicole M. Middleton, *on the brief*), Schröder, Joseph & Associates, LLP, Buffalo, NY.

FOR DEFENDANT-APPELLEE
CROSSMARK, INC.:

Aaron Warshaw, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-appellant Billie Holt, proceeding *pro se*, appeals from the district court's judgment entered June 28, 2013 dismissing her complaint against defendants-appellees CROSSMARK, Inc. ("Crossmark") and Sam's East, Inc. ("Sam's Club") alleging claims under the Americans with Disabilities Act ("ADA") and the New York Human Rights Law for failure to promote, retaliation, and termination of employment because of a disability. By decision and order entered June 27, 2013, the district court granted defendants' motions to dismiss, holding that Holt had failed to exhaust her administrative remedies with respect to her failure to promote and retaliation claims, and that she had failed to state a claim of disability discrimination under the ADA or state law. We assume the parties' familiarity with the facts, procedural history, and issues for review.

We review the district court's dismissal *de novo*. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule

12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We are "free to affirm an appealed decision on any ground which finds support in the record, regardless of the ground upon which the trial court relied." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000) (internal quotation marks omitted). We affirm the dismissal of all three of Holt's claims on the ground that her complaint failed to state a claim upon which relief can be granted.

In the district court, Holt submitted a form complaint and selected "Termination of my employment," "Failure to promote me," and "Retaliation because I complained about discrimination or harassment directed toward me" as her causes of action. In their entirety, Holt's substantive allegations are as follows:

> June 8 recruiter offered job based on disability "program."
> June 10 offer accepted began working
> July promoted to assistant manager
> November manager became unavailable
> December manager became unavailable
> January manager became unavailable
> February manager became unavailable
> March manager became unavailable
> April terminated and told because I was disabled and
> Alanna Salls did not know. []
> During the time I worked for Crossmark inside of Sams
> Club, Shelly the Sams manager would harass me, as well as
> the other workers. Shelly and her cohorts lied about me and
> said I steal from Sams Club which is not true. This is on my
> record. Wal-mart refused to hire me as store manager in
> Greece because of Crossmarks referral about Sams Club.

Record on Appeal Doc. 1 ¶ 19. Even "constru[ing] the complaint in the light most favorable to the plaintiff," *York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002), we conclude that Holt failed to make sufficient factual allegations in support of her claims. Among other things, Holt failed to allege that she was denied a promotion, that she participated in a protected activity, or that she was fired because of a disability. She did not identify what her disability was, nor did she allege that she suffered from "a physical or mental impairment that substantially limit[ed] one or more major life activities" within the meaning of the ADA. 42 U.S.C. § 12102. Finally, she alleged that her manager "would harass me, *as well as the other workers*." Record on Appeal Doc. 1 ¶ 19 (emphasis added). The ADA, of course, does not protect against general harassment. Consequently, Holt failed to state a plausible claim for termination of her employment, retaliation, or failure to promote and we affirm the district court's dismissal of the complaint.

* * *

We have considered Holt's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -