14-1917-cv
*Vlad-Berindan v. Life Worx Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand fifteen.

PRESENT:    José A. Cabranes,
            Gerard E. Lynch,
            Christopher F. Droney,
                        *Circuit Judges.*

---

Lucia Vlad-Berindan,

     *Plaintiff-Appellant*,

       v.                                      No. 14-1917-cv

Life Worx Inc., Jean N. Heller,

     *Defendants-Appellees.*

---

**FOR LUCIA VLAD-BERINDAN:**          Lucia Vlad-Berindan, *pro se*, Ridgewood, NY.

**FOR LIFE WORX, INC.:**             Philip K. Davidoff, FordHarrison LLP, New York, NY.

**FOR JEAN N. HELLER:**              Joseph DeGiuseppe, Jr., Bleakley Platt & Schmidt, LLP, White Plains, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Lois Bloom, *Magistrate Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Lucia Vlad-Berindan, proceeding *pro se*, appeals from the District Court's April 30, 2014 judgment dismissing her employment discrimination action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, and various New York state laws for failure to state a claim, and denying her various motions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." *Id.* at 678–79.

Upon review of the record and relevant law, we conclude that the District Court properly dismissed Vlad-Berindan's complaint, substantially for the reason stated in its thorough and well-reasoned April 28, 2014 opinion—namely, Vlad-Berindan failed to establish that her untimely Title VII claims were entitled to equitable tolling. *See* 42 U.S.C. § 2000e-5(f)(1); *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 78, 80–81 (2d Cir. 2003). As to her remaining claims, Vlad-Berindan failed to raise any arguments on appeal and, accordingly, those claims are deemed to be abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). In any event, Vlad-Berindan's ADA and ADEA claims were unexhausted; her claims under the New York State Human Rights Law were barred by the election of remedies doctrine, *see York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002); N.Y. Exec. Law § 298; and the District Court properly declined to exercise supplemental jurisdiction over the remaining state law claims, *see* 28 U.S.C. § 1367(c)(3).

The District Court also properly denied as baseless Vlad-Berindan's various motions to withdraw consent to jurisdiction by a magistrate judge, for recusal and for reconsideration, to strike defendants' motion to dismiss, for sanctions, and for default judgment.

## CONCLUSION

We have considered all of the arguments raised by Vlad-Berindan on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's April 30, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk