Bleichert v. N.Y. State Education Department

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

Lisa M. Bleichert,

> *Plaintiff-Appellant*,

v.                                                                              No. 19-862

New York State Education Department,
Office of Human Resources,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          LISA M. BLEICHERT, pro se,
                                                        Saratoga Springs, New York, NY.

FOR DEFENDANTS-APPELLEES:          JENNIFER L. CLARK, Assistant Solicitor
                                                        General of Counsel (Andrea Oser, Deputy

Solicitor General, *on the brief*), *for* Letitia James, N.Y. Attorney General, Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court dated March 6, 2019, is **AFFIRMED**.

Lisa Bleichert, pro se, sued the New York State Education Department ("NYSED"), Office of Human Resources, under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec Law §§ 290–301. She alleged that the NYSED discriminated and retaliated against her based on her age, and that her supervisors harassed and bullied her. The District Court dismissed the complaint for lack of subject matter jurisdiction, ruling that Bleichert's ADEA claims were barred by the Eleventh Amendment, and that her NYSHRL claims were barred by New York's election of remedies statute, N.Y. Exec. Law § 279(a), because Bleichert previously pursued administrative relief on her grievances before the New York State Division of Human Rights ("NYSDHR"). Bleichert now appeals. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's dismissal of Bleichert's complaint.

This Court reviews *de novo* a judgment of dismissal, whether it was based on lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). In considering whether a governmental entity is entitled to Eleventh Amendment sovereign immunity, this Court reviews the

district court's relevant factual findings for clear error and its legal conclusions *de novo*. *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015).

## I.     ADEA Claims

"The Eleventh Amendment generally bars suits in federal court by private individuals against non-consenting states." *Id*. This immunity "encompasses not just actions in which a state is actually named as a defendant, but also certain actions against state agents and instrumentalities, including actions for the recovery of money from the state." *Id*.

The ADEA makes it unlawful "for an employer, including a State, 'to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age.'" *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 66 (2000) (alteration in original) (quoting 29 U.S.C. § 623(a)(1)). In *Kimel*, the Supreme Court addressed whether the ADEA contained "a clear statement of Congress' intent to abrogate the States' Eleventh Amendment immunity" against suit and, if so, whether the ADEA was a "proper exercise of Congress' constitutional authority." *Id.* at 66–67. The Court concluded that, although the ADEA does contain "a clear statement of Congress' intent to abrogate the States' immunity," that "abrogation exceeded Congress' authority under § 5 of the Fourteenth Amendment." *Id.* at 67. "The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid," *id.* at 91, it concluded. Consequently, the Eleventh Amendment precludes an individual from bringing a claim against a state or state agency under the ADEA, and federal courts do not have subject matter jurisdiction over such claims. *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) (holding that plaintiffs failed to meet the "stringent test" for finding that the State of New York waived sovereign immunity as to ADEA claims).

3

Bleichert does not challenge the District Court's holding that the NYSED is an "arm of the state" and that, as such, it is entitled to sovereign immunity. She acknowledges that the Eleventh Amendment may prevent an employee from suing the state. Appellant Br. at 15. She argues, however, that the Supreme Court has held that "federal courts can enjoin state officials from violating federal law," *id.*, and asserts (apparently in connection with her legal position) that various supervisors at NYSED violated her "[c]ivil [s]ervice" rights by "willfully work[ing] in cooperation under the direction of [the Director of OHRM] to defeat, deceive, and obstruct my getting a promotion, as well as conspiring to get me fired." *Id.* But Bleichert sued only for damages, not injunctive relief, and the Eleventh Amendment bars damages claims brought against individual defendants in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Bleichert may not sue these defendants in their personal capacities because the ADEA does not provide a cause of action against individual supervisors; it contemplates only actions against "employers"—here, the state. *See* 29 U.S.C. § 630(b). Accordingly, the District Court correctly dismissed Bleichert's ADEA claims for want of subject matter jurisdiction.

## II.    NYSHRL Claims

The District Court construed Bleichert's complaint to raise age discrimination claims under the NYSHRL, which it also dismissed for lack of subject-matter jurisdiction based on the statutory election of remedies provision established by N.Y. Exec. Law § 297(9). This provision bars a person who has "filed a complaint hereunder [with the NYSDHR] or with any local commission on human rights" from filing a lawsuit for the same cause of action unless the NYSDHR complaint was dismissed on grounds of "administrative convenience[,] . . .untimeliness[,] . . . [or where] the election of remedies is annulled." *Id.* Section 297(9) bars actions brought in federal as well as

state court. *See York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002); *see also McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 74 n.3 (2d Cir. 2010) ("'[A] state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim.'" (alteration in original) (citation omitted)).  Thus, once an individual has brought a claim before the NYSDHR, she may not pursue it again "as a plenary action in another court." *York*, 286 F.3d at 127.  If a person brings a case before the NYSDHR, and is dissatisfied with its resolution there, "she may appeal only to the Supreme Court of the State of New York." *Id*. (citing N.Y. Exec. Law § 298).

Here, Bleichert asserts in her complaint not only that she filed an administrative complaint before the NYSDHR in July 2017, but that she then pursued her claims in that venue. Proceedings there included "a counseling session" and the provision of testimony by witnesses, she avers. Compl. ¶¶ 62, 63, 69, 70, *Bleichert v. N.Y. State Ed. Dept., Office of Human Resources*, No. 18-cv-611 (N.D.N.Y. Apr. 4, 2019), ECF No. 1.  Her complaint acknowledges that the NYSDHR found "no probable cause" on her claims, *id*. ¶ 71 (emphasis omitted). She also attaches the EEOC's "Dismissal and Notice of Rights" letter dated February 21, 2018, in which the EEOC advised that it "ha[d] adopted the findings of the state or local fair employment practices agency that investigated this charge." *Id*. at 36.  Her complaint does not assert that the NYSDHR dismissed her claims for administrative convenience, untimeliness, or annulment of the election of remedies.

Bleichert thus concedes that she filed an administrative complaint with the NYSDHR charging age discrimination and retaliation, based on the same cause of action, and that she saw it through to a conclusion. Accordingly, the District Court correctly ruled under N.Y. Exec.

Law § 297(9) that, because Bleichert elected to pursue her age discrimination remedies before the state agency, it lacked jurisdiction to adjudicate Bleichert's state law claims.

### III.  Motion to Supplement

Bleichert now moves in this Court to supplement the record on appeal, requesting that this Court consider approximately 50 pages of documents drawn from her NYSDHR case file that she did not submit to the District Court and that were not attached to her complaint.  She asserts that, when she received the NYSDHR file, she found that "signatures [were] missing, dates had been changed, personal employee information had been given and the evidence that was submitted by [NY]SED had been altered," and she argues that her case there was "not properly handled or reviewed."  Mot. To Supplement the Record 1, *Bleichert v. N.Y. State Ed. Dept., Office of Human Resources*, No. 19-862 (2d Cir. Aug. 9, 2019), Dkt No. 41.  NYSED opposes the motion.

Federal Rule of Appellate Procedure 10(a)(1) provides that the record on appeal consists of "the original papers and exhibits filed in the district court[.]"  Rule 10(e), entitled "Correction or Modification of the Record," provides in relevant part that, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified . . . by the court of appeals."  Fed. R. App. P. 10(e)(2)(C).  Rule 10(e)(2) "requires an appellant to provide evidence of an erroneous or accidental omission of material evidence in order for the record to be supplemented."  *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 n.4 (2d Cir. 2006).  This Court will consider extra-record evidence only in "extraordinary circumstances."  *Int'l Bus. Machs. Corp v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975); *see also Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").

6

None of these requirements for supplementing the record on appeal has been met here. These documents go to the merits of Bleichert's claims; they are not relevant to the District Court's holding that it did not have subject-matter jurisdiction to address either Bleichert's ADEA or NYSHRL claims. We thus see no basis for granting Bleichert's motion.

\* \* \*

We have considered Bleichert's remaining arguments and conclude that they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court and **DENY** the motion to supplement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7