21-2671-cv
Mauro v. New York City Department of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-two.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> *Circuit Judges.*

---

James J. Mauro,

> *Plaintiff-Appellant,*

> v.                                                         21-2671

New York City Department of Education,
Marie Guillaume, Principal of High School for
Energy and Technology,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:    JAMES J. MAURO, *pro se*, Staten Island, NY.

FOR DEFENDANTS-APPELLEES:    KATE FLETCHER (Deborah A. Brenner, *on the brief*) of counsel, *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*; Parker, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART** and the case is **REMANDED** for further proceedings consistent with this order.

Plaintiff-Appellant James J. Mauro challenges the dismissal of his *pro se* employment discrimination complaint.  Because we conclude that Mauro's complaint stated a plausible claim for relief, we vacate in part and remand.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.  Proceeding *pro se*, Mauro alleges that the New York City Department of Education ("DOE") and principal Marie Guillaume, violated Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").  Specifically, Mauro alleges that, after telling him he was not a "good fit," Defendants-Appellees created a hostile work environment, retaliated against him, and eventually fired him.  The district court dismissed his complaint for failure to state a claim because Mauro had failed to allege facts giving rise to a plausible inference of discrimination.  Mauro timely appealed.

We review a district court's grant of a motion to dismiss *de novo*,[1] accepting all factual allegations in the complaint as true and drawing all reasonable inferences in Mauro's favor.

---

[1] Although the district court determined that Mauro failed to adequately object to the Magistrate Judge's report and recommendation, we are not bound by that determination.  *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 12021 (2d Cir. 2022).  Regardless, Defendants-Appellees assert that our review is *de novo* and do not seek a more deferential standard of review.

*Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298 (2d Cir. 2022). For a complaint to survive a motion to dismiss, it must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 299 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In a discrimination case, the well-pleaded facts must nudge the plaintiff's claim "across the line from conceivable to plausible" by giving rise "to an inference of unlawful discrimination." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (internal quotation marks omitted). *Pro se* complaints are construed liberally to raise the strongest claims they suggest. *Williams v. Corr. Officer Priatno*, 829 F.3d 118, 122 (2d Cir. 2016).

## I. Title VII Claims

To survive a motion to dismiss, a Title VII plaintiff must allege only that he is a member of a protected class, was qualified for the job held, suffered an adverse employment action, and can minimally support a claim that the employer was motivated by discriminatory intent. *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

As to the last prong, the only one in dispute in this appeal, a plaintiff bears only a "minimal burden of alleging facts suggesting an inference of discriminatory motivation," and may do so by directly or indirectly pleading a plausible inference of discrimination. *Vega*, 801 F.3d at 85, 87 (internal quotation marks and emphasis omitted). We have often vacated improper dismissals in discrimination cases where courts apply overly stringent pleading standards, cautioning against imposing "too high a burden on plaintiffs alleging discrimination at the 12(b)(6) stage." *Doe v. Columbia Univ.*, 831 F.3d 46, 55 n.8 (2d Cir. 2016).

Discrimination can be inferred from "circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of

3

employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Littlejohn*, 795 F.3d at 312 (internal quotation marks omitted).

Applying that standard here, Mauro's complaint can be plausibly read to allege that non-white teachers and administrators at his school felt he was a poor "fit" because he was white. They then created justifications, through letters to his file and poor evaluations, to fire him. Furthermore, they treated him worse than his fellow non-white teachers who were similarly situated. Those allegations are sufficient to survive a motion to dismiss.

"A plaintiff may demonstrate circumstances giving rise to an inference of discrimination by alleging that he was treated less favorably than similarly situated employees of other races." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 229 (2d Cir. 2014). "Ordinarily, whether two employees are similarly situated presents a question of fact, rather than a legal question to be resolved on a motion to dismiss." *Id.* at 230 (internal quotation marks and alterations omitted). "[T]he standard for comparing conduct requires a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases, rather than a showing that both cases are identical." *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000). Here, Mauro's claim relies on other non-white probationary teachers who were not fired but who performed similarly; other non-white teachers who committed the same safety violations but who were not disciplined; and a second white probationary teacher who was also disciplined and fired for the same allegedly pretextual violations as Mauro. At a later stage of this litigation, these comparators may well not be sufficient for a reasonable jury to infer discrimination. But on a motion to dismiss, particularly where the plaintiff is *pro se*, we conclude that Mauro has raised a minimal inference that the chosen comparators may have been sufficiently similar. *See Daikin Am. Inc.*, 756 F.3d at 230. Further, we have previously held that comments similar to the "not a good fit" comments supported the

4

presence of a material issue of fact on summary judgment because such comments "*just might have been about race.*" *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 249, 253 (2d Cir. 2014). Because Mauro's teaching evaluations worsened only after the "not a good fit" comments, it is plausible that they were contrived to remove Mauro. Combined with Mauro's allegation that he was assigned more difficult students and teaching assignments than other teachers at the school, the complaint does just enough to "nudge [his] claim[] across the line from conceivable to plausible." *Vega*, 801 F.3d at 87. Accordingly, Mauro's Title VII claim against DOE should not have been dismissed.

## II. NYSHRL and NYCHRL Claims

Assuming supplemental jurisdiction over the state claims, the district court found that the NYSHRL and NYCHRL claims against Guillaume for "aiding and abetting" violations of those laws could not stand in the absence of plausible allegations of violations of those laws. Because we conclude that Mauro pleaded a plausible discrimination claim, the district court should re-address these claims on remand.

However, it also appears that the court might have lacked jurisdiction to consider the state law claims under the election-of-remedies provisions of state and city law. New York Executive Law § 297(9) and New York City Administrative Code § 8-502(a) grant a "cause of action" in court *unless* a plaintiff has already pursued remedies through filing a complaint with the State Division of Human Rights or the City Commission on Human Rights. We have construed the election-of-remedies provision as a jurisdictional bar that divests a federal court of subject matter jurisdiction. *See McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 74 n.3 (2d Cir. 2010) (the NYSHRL); *York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) (the NYCHRL). Certain dispositions, however, do not trigger the election-of-remedies bar. *See* N.Y. Exec. Law

5

§ 297(9) (allowing for relitigation); N.Y.C. Admin. Code § 8-502; *see also York*, 286 F.3d at 127 n.2.  The district court should therefore resolve this question on remand if it again decides to exercise supplemental jurisdiction over the state law claims.

We have considered Plaintiff-Appellant's remaining arguments and find them to be without merit.  We conclude that Mauro has abandoned his retaliation claim, his Title VII claim against Guillaume, his NYSHRL and NYCHRL claims against the DOE, and any argument as to leave to amend by failing to address the district court's rulings on those issues on appeal.  He also abandoned his hostile work environment claim by failing to oppose the motion to dismiss with respect to that claim.  *See Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam).  Accordingly, we affirm the dismissal of those claims.  For the reasons set forth above, we **AFFIRM** the judgment of the district court in part, **VACATE** the judgment in part, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court