22-3096-cv
*Iwelu v. New York State Office of Mental Health*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

—————————————————————————

KIDOCHUKWU IWELU,

> *Plaintiff-Appellant*,

v.                                                                          22-3096-cv

NEW YORK STATE OFFICE OF MENTAL HEALTH, MARIE JEAN-LOUIS, DEPARTMENT HEAD, CLARENCE ADAMS, GARY RAY, MARGALY MONDESTIN, ANDREA FRANCIS, JESSE JOSHY, CREEDMOOR PSYCHIATRIC CENTER,

> *Defendants-Appellees*.

—————————————————————————

FOR PLAINTIFF-APPELLANT:              KIDOCHUKWU IWELU, *pro se*, Jamaica, New York.

FOR DEFENDANTS-APPELLEES:           DAVID LAWRENCE, III, Assistant Solicitor General (Barbara D. Underwood, Solicitor

General, Mark S. Grube, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on December 5, 2022, is **AFFIRMED**.

Plaintiff-Appellant Kidochukwu Iwelu, *pro se*, appeals the district court's dismissal of his employment discrimination claims and moves for summary reversal. Iwelu alleged that his former employer Creedmoor Psychiatric Center ("Creedmoor"), a facility operated by the New York State Office of Mental Health ("OMH"), and certain of its individual employees discriminated and retaliated against him, while he was employed as a medical aide trainee, after he reported a fight between another Creedmoor staff member and a patient, and that his reporting of the incident and cooperation with a resulting investigation ultimately led to his termination. Iwelu asserted claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, *et seq.*; and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101, *et seq.*[1] The district court granted the defendants' motion to dismiss all of the claims, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6),

---

[1] Iwelu raised other claims, which the district court dismissed. Iwelu has not challenged their dismissal on appeal. Thus, we deem those claims abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995).

concluding that: (1) Iwelu failed to exhaust administrative remedies for his claims under the ADEA and ADA, as well as his hostile work environment claim under Title VII; (2) Iwelu failed to state a plausible claim under the ADA, ADEA, or Title VII; and (3) the claims under the NYSHRL and NYCHRL were barred by the election of remedies doctrine because they arose from the same incidents as those contained in his complaint to the New York State Division of Human Rights ("DHR"). Although the district court did not reach this issue, OMH and Creedmoor argue on appeal that state sovereign immunity bars the ADA, ADEA, NYSHRL, and NYCHRL claims asserted against them and provides a separate ground for dismissal. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.[2]

We review a dismissal for failure to state a claim *de novo*. *Washington v. Barr*, 925 F.3d 109, 113 (2d Cir. 2019). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## I. Sovereign Immunity

OMH and Creedmoor contend that the claims brought against them under the ADA, ADEA, NYSHRL, and NYCHRL are barred by the doctrine of sovereign immunity.[3] We agree.

The Eleventh Amendment to the Constitution deprives federal courts of the authority to

---

[2] Given our conclusion that the dismissal of the claims should be affirmed on the various grounds discussed *infra*, we need not address the district court's separate holding that Iwelu failed to exhaust his administrative remedies with respect to certain claims.

[3] Although OMH and Creedmoor invoked sovereign immunity in the district court only as to the NYSHRL and NYCHRL claims, sovereign immunity "may be raised for the first time on appeal," *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 238 (2d Cir. 2006); thus, we also consider the immunity issue under the ADA and ADEA.

entertain damages actions asserted against a state "absent [a] waiver or valid abrogation" of state sovereign immunity. *Va. Office for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 254 (2011); *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 193 (2d Cir. 2015). Congress has not abrogated, and New York has not waived, its sovereign immunity from claims brought under Title I of the ADA, the ADEA, NYSHRL, or NYCHRL. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (Title I of the ADA); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91–92 (2000) (ADEA); *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 432, 449 (2d Cir. 1999) (NYSHRL), *abrogated on other grounds, Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (NYCHRL). Thus, sovereign immunity bars these claims against OMH and Creedmoor.[4]

However, Congress has abrogated sovereign immunity for Title VII claims. *See Fitzpatrick v. Bitzer*, 427 U.S. 445, 448 (1976). We thus turn to the Title VII claims against OMH and Creedmoor, as well as the NYSHRL and NYCHRL claims against the individual defendants.[5]

## II.     Title VII Claims

Iwelu argues that the district court erred in holding that he failed to state a plausible claim

---

[4] Iwelu does not dispute that New York's Eleventh Amendment immunity extends to OMH and Creedmoor. Instead, his only argument is that such immunity does not apply here because his claims fall within the *Ex Parte Young* doctrine. Under that doctrine, a plaintiff "may avoid the Eleventh Amendment bar to suit by suing individual state officers in their official capacities, as opposed to the state, provided that [the] complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *Seneca Nation v. Hochul*, 58 F.4th 664, 670 (2d Cir. 2023) (internal quotation marks and citation omitted). Because neither Creedmoor nor OMH is an individual state officer and Iwelu's amended complaint does not concern an ongoing violation of federal law, the *Ex Parte Young* doctrine does not apply to Iwelu's claims against Creedmoor or OMH.

[5] Iwelu does not challenge the district court's conclusion that his Title VII claims must be dismissed as to the individual defendants because there is no individual liability under that statute. To the extent that Iwelu attempts to assert claims against the individual defendants under the ADEA or ADA, such claims must also fail because there is no individual liability under either of those statutes. *See* 29 U.S.C. §§ 623(a), 630(b) (limiting cause of action under the ADEA to an action against an "employer"); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (holding no individual liability for an ADA retaliation claim).

4

of discrimination, hostile work environment, or retaliation under Title VII. We find Iwelu's arguments unpersuasive.

## A. Discrimination Claim

Under Title VII, it is unlawful for employers to, among other things, "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Claims brought pursuant to Title VII are analyzed under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973). *See Littlejohn v. City of New York*, 795 F.3d 297, 307–11 (2d Cir. 2015). In particular, "absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff [1] is a member of a protected class, [2] was qualified, [3] suffered an adverse employment action, and [4] has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id*. at 311. To be sure, "at the initial stage of the litigation" in a Title VII case, "the plaintiff does not need substantial evidence of discriminatory intent." *Id*. Instead, the plaintiff "need only give plausible support to a minimal inference of discriminatory motivation." *Id*.; *accord Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86–87 (2d Cir. 2015). However, even under this "minimal burden," *Littlejohn*, 795 F.3d at 311, the plaintiff must allege sufficient allegations to "nudge[] [his] claims across the line from conceivable to plausible," *Vega*, 801 F.3d at 87 (first alteration in original) (quoting *Twombly*, 550 U.S. at 570).

Iwelu generally asserted that he was terminated because of his race and national origin, but provided no factual allegations that would permit a reasonable inference that his termination was connected to a protected ground under Title VII. Indeed, he alleged that he was terminated because

he reported a fight between a staff member and a patient, and then cooperated in an investigation of that incident. Those grounds for termination, without any allegations supporting an inference of discrimination, do not articulate a plausible discrimination claim under Title VII. *See generally Vill. of Freeport v. Barrella*, 814 F.3d 594, 613 (2d Cir. 2016) ("[F]ederal antidiscrimination law does not forbid . . . . favoritism, nepotism, or cronyism, so long as it is not premised on animus against a protected class.").

In sum, although a plaintiff's burden at this stage is "not onerous," *Littlejohn*, 795 F.3d at 308 (internal quotation marks and citation omitted), a plaintiff cannot establish a *prima facie* case with a "conclusory and unsupported argument" that adverse action based on a non-protected characteristic constitutes animus against a protected class, *Maraschiello v. City of Buffalo Police Dep't*, 709 F.3d 87, 96–97 (2d Cir. 2013). Because Iwelu's complaint merely raises conclusory allegations of a discriminatory termination, but fails to offer any facts to support such allegations, the district court properly dismissed the discrimination claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (noting that "conclusory" allegations are "not entitled to be assumed true").[6]

### B. Hostile Work Environment Claim

To state a hostile work environment claim, "a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected class]." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007)

---

[6] At oral argument, Iwelu suggested that other individuals that do not belong to his protected classes made similar reports about fights between patients but were not subject to disciplinary actions. Those allegations do not appear in his amended complaint, however, and even assuming that they did, Iwelu has not explained—in his pleadings, briefs, or oral argument—how any such individuals were similarly situated to him in the relevant respects.

(alteration adopted) (internal quotation marks and citation omitted).

Iwelu's hostile work environment claim suffers from the same pleading defect as his Title VII discrimination claim. More specifically, Iwelu alleges that a colleague harassed him by pushing him and preventing him from entering a ward. However, "[i]t is axiomatic that the plaintiff also must show that the hostile conduct occurred *because* of a protected characteristic." *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) (emphasis added); *see also Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) ("Title VII does not prohibit all verbal or physical harassment in the workplace," only discrimination on a protected ground.). Iwelu did not plead any facts suggesting that his colleague's actions, or any other alleged harassment in the workplace, were motivated by a prohibited animus. Therefore, the district court properly dismissed the hostile work environment claim.

## C. Retaliation Claim

To establish a *prima facie* case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (internal quotation marks and citations omitted). Although a "plaintiff need not establish that the conduct []he opposed was actually a violation of Title VII," he must have "possessed a good faith, reasonable belief that the underlying employment practice was unlawful under that statute." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998) (internal quotation marks and citation omitted). Further, "implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably have understood, that the plaintiff's opposition was directed at conduct prohibited by Title VII." *Id.*

7

Here, Iwelu alleged that he was retaliated against after he reported the fight between a staff member and a patient, but his report was not "directed at conduct prohibited by Title VII." *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (per curiam) (emphasis, internal quotation marks, and citation omitted). Thus, there are no allegations allowing for a plausible inference that his complaint was premised on, or related to, discrimination based on his protected status. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 15 (2d Cir. 2013) (per curiam). Nor can there be any plausible claim that his supervisor understood, or could reasonably have understood, that his complaint was directed at conduct prohibited by Title VII. *See id.*; *see also Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons*, 842 F.2d 590, 594 (2d Cir. 1988) (employee failed to establish a reasonable belief that the employer's action was unlawful because his complaints "were directed at something that, as it was alleged, is not properly within the definition of an 'unlawful employment practice'" (quoting 42 U.S.C. § 2000e–3(a))). Therefore, the district court properly dismissed the retaliation claim under Title VII.

### III. NYSHRL and NYCHRL Claims

Finally, the district court properly dismissed Iwelu's NYSHRL and NYCHRL claims, including those asserted against the individual defendants, because he elected to pursue those claims before the DHR. *See York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) ("NY[S]HRL and [NY]CHRL claims, once brought before the []DHR, may not be brought again as a plenary action in another court.").

\* \* \*

We have considered Iwelu's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**. Because the district court properly

8

dismissed Iwelu's complaint, we **DENY** Iwelu's motion for summary reversal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court